Arthur D. Condon, of Washington, D. C., and Schwartz & Cooper, of Chicago, Ill., for plaintiff.

Theron L. Caudle, Asst. Atty. Gen., and John T. Grigsby, Atty., Dept. Justice, of Washington, D. C., for defendants.

---

## COOK CHOCOLATE CO. v. MILLER et al.
### Civ. A. 684-47.

District Court of the United States for the District of Columbia.

July 7, 1947.

BAILEY, Justice.

Section 371(e) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A., provides that the Administrator, on his own initiative or upon an application of any interested industry or substantial portion thereof stating reasonable grounds therefor shall hold a public hearing upon a proposal to issue, amend, or repeal any regulation contemplated by certain sections of the Act. The Act further provides that after the public hearing the industry seeking a change in the regulation may appeal to the Court of Appeals from any order made by the Administrator based upon the evidence given at the public hearing.

In this case the plaintiff, who is a large manufacturer of sweet chocolates, has sought to have the Administrator have a public hearing to amend his regulation upon sweet chocolates so that certain vitamins may be added to the chocolates. The plaintiff manufacturing a sweet chocolate to which certain vitamins have been added, the whole being sold under the name of Vita Sert, stated in his application certain facts in support of his application that the Administrator had permitted vitamins to be added to certain cereals providing optional standards for vitamin enrichment in Farina, macaroni, wheat, flour, and corn meal; that the British Ministry of Food announced that chocolate had been found to be the best medium for administering vitamin concentrates; that the United States Army had ordered and utilized vitaminized chocolate on a large scale in

574

its emergency ration; that the Red Cross had also used large quantities of it for undernourished persons abroad, and annexed to its application letters from eminent physicians and other authorities.

The Administrator refused to hold a public hearing, saying that no reasonable ground was shown for holding it. Thereupon, plaintiff brought this suit, seeking a declaratory judgment, and to direct the Administrator to hold a public hearing upon plaintiff's application, and that the court determine that the plaintiff's product Vita Sert does not violate the Cacao products regulation established by the Federal Security Administrator.

The defendant, the Federal Security Administrator, has moved to dismiss the complaint on the ground that the court is without jurisdiction and that the complaint fails to state facts sufficient to constitute a cause of action. As to the question of jurisdiction he contends that the action of the Administrator is a discretionary one and that the court has no power to review it. However, if the foregoing allegations of the petition filed with the Administrator are true, the action of the latter is clearly arbitrary. His power to fix regulations is given whenever "in the judgment of the Administrator such action will promote honesty and fair dealing in the interest of consumers" and his holding that the plaintiff's application did not show reasonable grounds was not based upon this power but apparently upon some general authority not vested in him by the statute to define whether or not the addition of vitamins to chocolates to be used as a confection would be used by the public in sufficient quantities to justify a new regulation or an amendment to the existing regulation. See Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

So far then, as the action of the Administrator in denying plaintiff's application is concerned, the motion to dismiss the complaint will be overruled.

As to plaintiff's right to declaratory judgment as to whether or not its product Vita Sert is barred by the defendant's regulation, this question is governed by the case of Helco Products Co., Inc. v. McNutt,

78 U.S.App.D.C. 71, 137 F.2d 681, 149 A.L.R. 345. As to that and also as to the defendant, the Attorney General, the motion to dismiss will be sustained.